*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. A. THURSTON, Minor.

UNPUBLISHED
April 25, 2024

No. 367181
Wayne Circuit Court
Family Division
LC No. 2005-442780-NA

Before: REDFORD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to minor child DAT under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist); (c)(*ii*) (other conditions exist causing child to enter court's jurisdiction); (i) (parental rights to other siblings terminated because of neglect or abuse); and, (j) (reasonable likelihood the child will be harmed if returned to the parent). We affirm.

## I. BACKGROUND

Respondent is a legally incapacitated adult involuntarily committed to the hospital during August 2020 after two episodes involving police during which she displayed erratic behavior. Respondent gave birth to DAT during her hospitalization in October 2020. Child Protective Services (CPS) met with respondent, who stated that she did not receive prenatal care, had unstable housing, and did not regularly take her medication for her mental health issues. CPS became aware that respondent's parental rights to two other children, now adults, were terminated because of abandonment and neglect. DAT was placed in the care of respondent's mother, S. Thurston.

The Department of Health and Human Services (DHHS) filed a petition requesting the trial court take jurisdiction over DAT and terminate respondent's parental rights. DHHS alleged that respondent had a long, ongoing history of mental health issues and often failed to take her medication which resulted in erratic, often aggressive behavior. At the adjudication, the trial court found sufficient justification to take jurisdiction over DAT and that clear and convincing evidence established statutory grounds for termination. The trial court, however, noted that respondent and DAT shared a bond and that many of respondent's problems resulted from her failure to take her medication. The court also considered DAT's relative placement. The court ruled that termination did not serve DAT's best interests at that time.

-1-

During these proceedings, respondent demonstrated a pattern of noncompliance in taking her medication that led to aggressive and erratic behavior and her involuntarily hospitalization on numerous occasions. When not in the hospital, respondent resided at an adult foster home unsuitable for DAT. DHHS filed a supplemental petition for termination. The trial court found that clear and convincing evidence established statutory grounds for termination of respondent's parental rights and that termination served DAT's best interests and terminated respondent's parental rights to DAT. Respondent now appeals.

## II. STATUTORY GROUNDS

Respondent argues that the trial court erred by finding that clear and convincing evidence established statutory grounds for termination. We disagree.

## A. STANDARD OF REVIEW

"This Court reviews for clear error the trial court's ruling that a statutory ground for termination has been established and its ruling that termination is in the child[]'s best interests." *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020) (quotation marks and citation omitted). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed . . . ." *Id*. (quotation marks and citation omitted; alterations in original). "When applying the clear-error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19(b)(3) has been proven by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020). The clear and convincing standard is "the most demanding standard applied in civil cases[.]" *Id*. (quotation marks and citation omitted; alteration in original). Evidence is clear and convincing if it

> produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the factfinder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Id*. (citation omitted).]

Further:

> At the termination hearing, the trial court, in rendering its termination decision under MCL 712A.19b, may take into consideration any evidence that had been properly introduced and admitted at the adjudication trial, MCR 3.977(E), along with any additional relevant and material evidence that is received by the court at the termination hearing, MCR 3.977(H)(2). [*In re Mota*, 334 Mich App at 316.]

The trial court found that clear and convincing evidence established statutory grounds for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (*ii*); (i); and (j) which provide:

>     (3)  The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

>                              *  *  *

>     (c)  The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

>     (*i*)  The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

>     (*ii*)  Other conditions exist that cause the child to come within the court's jurisdiction: the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

>                              *  *  *

>     (i)  Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and the parent has failed to rectify the conditions that led to the prior termination of parental rights.

>     (j)  There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

The trial court entered the dispositional order on May 24, 2022, and the termination order on March 22, 2023.  At the time of termination, therefore, "182 days" had "elapsed since the issuance of [the] initial dispositional order."  See MCL 712A.19b(3)(c)(*i*).

This Court held that termination under MCL 712A.19b(3)(c)(*i*) is proper where "the totality of the evidence amply support[ed] that [respondent] had not accomplished any meaningful change in the conditions" leading to the adjudication. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).  In this case, respondent's mental health led to the adjudication.  Respondent's pattern of refusing to take medication to treat her mental health issues often resulted in erratic behavior. Respondent never resolved this issue.  Respondent required repeated hospitalizations because she did not take her medication.  She displayed concerning behaviors at the group home and toward DAT.  Respondent argues that, because her medication changed, she should be given more time to demonstrate her compliance in taking it.  She contends that she had issues with her previous medication because it made her sleep all day and feel less productive.  At the termination hearing,

respondent stated that her medication changed and she independently complied in taking her new medication. While respondent's mental health struggles engender sympathy, the trial court properly expressed concern for her pattern of medication noncompliance and ensuing behaviors. We conclude that "the totality of the evidence amply supports that she had not accomplished any meaningful change" in the conditions leading to adjudication, regardless of whether her medication changed at some point before the termination hearing. See *In re Williams*, 286 Mich App at 272.

Further, evidence does not establish that respondent would be able to rectify these issues within a reasonable time considering DAT's age. See MCL 712A.19b(3)(c)(*i*). DAT entered Thurston's care immediately after birth and had been out of respondent's care her entire life. No evidence indicates that respondent would rectify her inability to properly care for DAT within a reasonable time. Respondent's mental health issues are serious and pervasive. The trial court appropriately determined that DAT could not wait an indefinite amount of time for respondent to improve. Clear and convincing evidence established that the conditions leading to the adjudication continued to exist and no reasonable likelihood existed that respondent would rectify the conditions within a reasonable time. See MCL 712A.19b(3)(c)(*i*).[1] The trial court, therefore, did not err by ruling that statutory grounds existed requiring termination of respondent's parental rights to DAT.

## III. BEST INTERESTS

Respondent also argues that the trial court erred in its best-interest decision. We disagree.

## A. STANDARD OF REVIEW

We review for clear error the trial court's ruling that termination serves the child's best interests. *In re Mota*, 334 Mich App at 320 (quotation marks and citation omitted); *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed . . . ." *Id*. (quotation marks and citation omitted; alterations in original). We give regard to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. *Id*. (quotation marks and citation omitted).

## B. LAW AND ANALYSIS

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the child[]'s best interests." *In re White*, 303 Mich App at 713. "The trial court should weigh all the evidence available to determine the child[]'s best interest." *Id*. "The focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685

---

[1] Because termination was proper under MCL 712A.19(b)(c)(*i*), we need not consider the additional grounds upon which the trial court based its decision. See *In re Pederson*, 331 Mich App at 472.

(2022) (quotation marks and citation omitted). When determining the child's best interests, the trial court may consider factors including:

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*Id*. at 346-347 (citation omitted).]

The trial court may also consider the child's safety and well-being, and any risk of harm the child may suffer if returned to the parent. See *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). "A child's placement with relatives is a factor that the trial court is required to consider." *In re Atchley*, 341 Mich App at 347 (quotation marks and citation omitted). Relative placement is an "explicit factor to consider in determining whether termination was in the child[]'s best interests[.]" *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). "Placement with a relative weighs against termination, but that fact is not dispositive given that a trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests[.]" *In re Atchley*, 341 Mich App at 347 (quotation marks and citation omitted).

Evidence indicates that DAT and respondent had a bond and respondent showed interest in DAT. At the adjudication, respondent stated she improved her life and expressed love for DAT. The trial court noted that simply having mental health issues did not disqualify respondent as a parent. The trial court stated that it believed respondent was committed to changing her life for the better, and it considered testimony which emphasized that respondent gained maturity and focused on DAT. The trial court considered all of these factors, and DAT's relative placement, and initially found it was not in DAT's best interests to terminate respondent's parental rights. Therefore, the trial court gave respondent more time to address her mental health issues.

The record reflects, however, that respondent's mental health rapidly deteriorated. She was hospitalized, homeless, refused to take her medication, and exhibited erratic, often aggressive behavior, which made DAT appear afraid of respondent. At the termination hearing, the trial court recognized that "[t]he focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App at 346 (quotation marks and citation omitted). The trial court expressed concern with respondent's threatening behavior. DAT was safe and secure with Thurston. DAT, however, experienced continuous and erratic disruptions by respondent which placed DAT's stability at risk. The trial court acknowledged DAT's relative placement, but found relative placement alone insufficient to maintain respondent's parental rights. Evidence indicated that, although Thurston provided DAT a stable environment, respondent went to Thurston's home and displayed threatening behavior disrupting that environment.

The trial court considered DAT's need for permanence and stability. A preponderance of the evidence supports the court's finding that respondent could not provide DAT with permanence and stability because of her ongoing and unresolved struggles with mental health. The trial court gave respondent ample opportunities to work on her underlying mental health issues, like taking her medication, but respondent engaged in a pattern of noncompliance.

-5-

Although some factors weighed in respondent's favor, the overall analysis of the relevant best-interest factors favored termination. The trial court did not clearly err by concluding that termination would provide DAT the stability, finality, and permanence needed. Even though relative placement weighs against termination and must be considered, a trial court may still terminate parental rights if it finds that termination serves the child's best interests. See *In re Atchley*, 341 Mich App at 347. In this case, the trial court considered DAT's placement with Thurston, but properly weighed other relevant factors, like respondent's mental health issues, repeated noncompliance with her medication and inappropriate behavior which were detrimental to DAT's well-being. See *In re Atchley*, 341 Mich App at 346-347. The record established that the trial court did not clearly err by finding that a preponderance of the evidence established that termination of respondent's parental rights served DAT's best interests, despite relative placement.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Anica Letica